UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEALTHPORT CORPORATION,
a Delaware corporation,

       Plaintiff,

v.

TANITA CORPORATION OF AMERICA,
an Illinois corporation,

       Defendant.

Civil No. 06-419-PK

ORDER

HAGGERTY, Chief Judge:

Magistrate Judge Papak has issued a Findings and Recommendation [61] in this action recommending that defendant Tanita Corporation of America's ("Tanita" or "defendant") Motion for Summary Judgment [18] be granted in part and denied in part, and its Motion to Strike the Declaration of Richard S. Wooten ("Motion to Strike") [52] be denied as moot. Both parties

1    - ORDER

filed objections [62, 65] to the Findings and Recommendation, and the matter was then referred to this court.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given this matter a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Papak provided a thorough analysis of the facts and circumstances regarding this litigation, and the analysis need not be repeated here. For the following reasons, the Findings and Recommendation is adopted.

## ANALYSIS

Defendant objects to the Findings and Recommendation's conclusion that a genuine issue of material fact exists as to whether defendant's BC-418 device uses a form of anthropometric data. Def.'s Objections at 1. Alternatively, defendant requests that the court grant summary judgment of noninfringment in its favor on all accused products except product BC-418. Def.'s Objections at 4. Finally, defendant objects to the Findings and Recommendation's conclusion to deem as moot the Motion to Strike the Declaration of Richard S. Wooten. *Id.*

Plaintiff lodges two primary objections. First, plaintiff contends that the Findings and Recommendation erred in concluding that the claim scope should be limited to the preferred embodiment of placing the patient in a prone position. Pl.'s Objections at 2-3. Second, plaintiff challenges the Findings and Recommendation's claim construction with respect to the terms found in paragraph (b) of claim 1, including the "removably attaching" limitation. Pl.'s Objections at 4.

2    - ORDER

1. **Claim Construction Issues**

    **A. Anthropometric Data**

    The Findings and Recommendation found that "'known anthropometric data' should not be limited to patient specific data, but should be construed more broadly to include anthropometric data that is compiled in a database and applies generally to the population." Findings and Recommendation at 19. According to the Findings and Recommendation, Healthport presented evidence that the BC-418 model "uses anthropometric data compiled from previous studies using DAX, which is, according to the Tanita literature, a method for measuring body composition that was originally designed to measure bone mineral content." *Id.* at 19. The Findings and Recommendation concluded that a genuine issue of material fact exists as to whether this anthropometric data fits within the "known anthropometric data" described in paragraph (h) of claim 1.

    Plaintiff maintains that the intrinsic evidence of defendant's own patent specification, coupled with the extrinsic testimony from Al Libke, M.D., establish that the term "anthropometric data" only pertains to length and girth measurements. Pl.'s Objections at 1. This court disagrees.

    "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). Moreover, "if we once begin to include elements not mentioned in the claim, in order to limit such claim . . . we should never know where to stop." *McCarty v. Lehigh Valley R.R. Co.*, 160 U.S. 110, 116 (1895). This

court finds that the meaning of "anthropometric data" is readily apparent and does "not require elaborate interpretation." *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Cir. 2001).

This court also concurs with the Findings and Recommendation, that "[i]n the absence of an express disavowal or other limitation regarding population general anthropometric, the court will not read the specification into the claim." Findings and Recommendation at 19. Therefore, the evidence provided by plaintiff concerning the data allegedly used in defendant's BC-418 model raises a genuine issue of material fact as to whether defendant's product infringes upon the patents at issue.

## B. Preferred Embodiment

Plaintiff first objects to the Findings and Recommendation on the grounds that plaintiff's claim should not be limited to the preferred embodiment of placing the patient in the prone position. Pl.'s Objections at 2-3. Plaintiff relies on a recent Federal Circuit case to make its argument. *Id*. In *Acumed v. Stryker Corp.*, the court found that the mere desirability of a certain embodiment does not necessarily limit the claim to that preferred embodiment. 483 F.3d 800, 805 (Fed. Cir. 2007). The court states, in pertinent part, the following:

> Stryker's argument is essentially an assertion that since the patent says broaching is desirable, the term "curved" must be construed to cover only embodiments whose curvature allows them to be inserted into a broached hole . . . . That assertion is flawed: it is an attempt to import a feature from a preferred embodiment into the claims.

*Id*. However, *Acumed* adds nothing new to plaintiff's arguments, and is easily distinguishable.

Here, unlike in *Acumed*, the specifications of plaintiff's patents do not merely suggest in an implied manner that the patient's body be prone, or suggest that a prone body is merely desirable. Instead, the patents clearly state:

4      - ORDER

> Position the patient prone on a non-conductive surface table . . . .
> [t]he patient must be prone to minimize interference from muscle
> contractions. (Antagonist muscle contractions in standing or sitting
> patients create inaccurate Impedance results.)

There is nothing implicit about the command that the "patient must be prone." Moreover, the explicit admonition that "[a]ntagonist muscle contractions in standing or sitting patients create inaccurate Impedance results" unequivocally limits the invention to testing a patient's body in the prone position where the patents repeatedly teach that increased accuracy is the hallmark of the claimed inventions. Therefore, this court agrees with the Findings and Recommendation "that the specification expressly disavows measurements taken of a standing or sitting patient, and that limitation must be read onto the claim." Findings and Recommendation at 14-15.

### C. "Removably Attaching" Limitation

Plaintiff also objects to the Findings and Recommendation's claim construction with respect to the terms found in paragraph (b) of claim 1, including the "removably attaching" limitation. Pl.'s Objections at 4. That paragraph states in its entirety: "(b) mounting means for removably attaching said electrode sensors to a Kelvin Bridge bio-impedance meter system having four terminal leads." Plaintiff argues that this paragraph should be read to simply mean "a plug and jack." Def.'s Objections at 4. This court disagrees.

By arguing that paragraph (b) simply reduces to "a plug and jack," plaintiff ignores nearly all the express terms found in that paragraph. This court agrees with the Findings and Recommendation that the "plain language" of paragraph (b) requires "the electrode sensors . . . [to] be removably attached to the Kelvin Bridge bio-impedance meter systems having four terminal leads." Findings and Recommendation at 17. Indeed, "[r]ead in the context of the entire claim [the term] 'system' in paragraph (b) refers only to the measuring electronics." *Id.* Therefore, based on the undisputed facts that none of the defendant's products "contain mounting

means for removably attaching electrode sensors to a Kelvin Bridge bio-impedance meter system having four terminal leads," Findings and Recommendation at 17, this court agrees with the conclusion of the Findings and Recommendation.

### 2. Defendant's Remaining Products

Defendant argues, in the alternative, that this court should award summary judgment in favor of defendant as to all products except the BC-418 model. Def's Objections at 4. Indeed, the Findings and Recommendation explains that the only remaining genuine issue of material fact is whether BC-418 uses a form of anthropometric data as part of its analysis. Findings and Recommendation at 19. Since this court reached the same conclusion in its analysis above, defendant's objection is moot.

### 3. Defendant's Motion to Strike

Defendant objects to the Findings and Recommendation's conclusion to deny as moot defendant's Motion to Strike. Defendants urge this court to issue factual findings, award defendant costs and fees related to addressing the issue, and strike Wooten's declaration from the record. Def.'s Objections at 4. Specifically, defendant argues that the relevance of its Motion to Strike "stretches beyond the Court's ruling of noninfringment."

However, this court reaches the same conclusion as the Findings and Recommendation. Summary judgment was found in defendant's favor on two grounds, and Wooten's declaration was not considered in this court's review of the third ground. Moreover, this court cannot see, and defendant fails to demonstrate, how Wooten's testimony reaches beyond the ruling of noninfringment. Therefore, defendant's Motion to Strike is deemed moot.

## CONCLUSION

For the reasons provided, the Magistrate Judge's Findings and Recommendation [61] is ADOPTED.

IT IS SO ORDERED.

Dated this 13 day of July, 2007.

                                              Ancer L. Haggerty
                                              United States District Judge

7      - ORDER