FILED'08 JUL 24 10:58USDC·ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEALTHPORT CORPORATION,

               Plaintiff,

v.

TANITA CORPORATION OF AMERICA,

an Illinois Corporation,

               Defendant.

CV. 06-419-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

      This matter is before the Court on Healthport's opposition to Tanita's Bill Of Costs. For the reasons set forth below, Tanita is awarded costs in the amount of $9,933.52 .

## BACKGROUND

      Healthport Corporation ("Healthport") filed this lawsuit against Tanita Corporation of America ("Tanita") on March 27, 2006, alleging patent infringement related to their competing body composition monitors. Tanita filed two counterclaims alleging Lanham Act and common law unfair competition claims arising from false statements on Healthport's web site.

Page 1 - OPINION AND ORDER

Tanita prevailed in its motion for summary judgment on the patent infringement claims, with the exception of the claim concerning the BC-418 device. Both parties then filed for summary judgment on Tanita's false advertising claims. This Court recommended denying Healthport's motion and granting Tanita's motion, with the exception that Tanita was not entitled to lost profits, corrective advertising or attorney fees. The Opinion and Order, dated May 28, 2008, adopted the Finding and Recommendation.

On June 9, 2008, Tanita filed an unopposed motion to amend the judgment pursuant to Federal Rule of Civil Procedure 52(b). The proposed amended judgment explicitly stated that judgment on the merits be entered in favor of Tanita on Healthport's claims of patent infringement. The Court adopted the proposed amended judgment on June 11, 2008. With this Court's permission, Tanita waited to file its Bill of Costs until after the Court acted on the motion to amend. Tanita filed the Bill of Costs on June 23, 2008.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003). "A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.*

Title 28 U.S.C. § 1920 enumerates the expenses a federal court may tax as costs under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987).

Page 2  - OPINION AND ORDER

Although a district court has broad discretion to allow or disallow a prevailing party to recoup the ordinary costs of litigation, the court may not rely on that discretion to tax costs beyond those authorized by § 1920. *Frederick v. City of Portland,* 162 F.R.D. 139, 142 (D. Or. 1995) (citing *Crawford Fitting Co.,* 482 U.S. at 441-42). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920. *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam). A district court's order fixing costs while an appeal is pending is "an inseparable part" of the pending appeal. *California Union Ins. Co. v. American Diversified Sav. Bank,* 948 F.2d 556, 567 (9th Cir. 1991).

## DISCUSSION

The costs enumerated in 28 U.S.C. § 1920 include fees of the clerk and marshal, printing fees and fees for "compensation of interpreters." 28 U.S.C. § 1920(1), (3), (6). Costs may also include fees for court reporter transcripts and fees for exemplification and copies of papers, so long as those fees were "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2), (4). Tanita seeks to recover costs for pro hac vice admittance, service of a subpoena, deposition and hearings transcripts, photocopying fees and interpreter services.

### A.    Timeliness of Bill of Costs

A prevailing party must file a bill of costs no later than 14 days after entry of judgment. Local Rule 54.1. A "judgment" is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). A timely Rule 52(b) motion to amend or add to the findings of fact or conclusion of law destroys the finality of the judgment. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989) (time for appeal does not begin to run until the district court has had an opportunity to dispose of all motions that seek to amend or alter an otherwise final judgment); *see also United States v. Doe,* 374 F.3d 851, 853-854 (9th Cir. 2004) ("Where a district court enters an amended judgment that

revises legal rights or obligations, the period for filing an appeal begins anew.") Thus, when a

party files a Rule 52(b) motion, the judgment is neither final nor an "order from which an appeal

lies." Fed. R. Civ. P. 54(a); *see also Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir.

2005) (holding a Rule 54(d)(2)(B) motion for attorney fees is timely if filed no later than 14 days

after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion).

Here, Tanita filed a timely, unopposed Rule 52(b) motion to amend the judgment before

the deadline to file a bill of costs had past. That motion sought to clarify whether the prior ruling

disposed of all the claims in the case and so destroyed the finality of initial judgment. *See*

*Osterneck*, 489 U.S. 169; *Bailey*, 414 F.3d at 1025. As a result, Tanita had no obligation to file a

bill of costs until the Court issued the Amended Final Judgment on June 11, 2008. Tanita filed

its Bill of Costs within fourteen days of that judgment. Therefore, this Court concludes that

Tanita's motion was timely.

**B.    Pro Hac Vice Fees**

The first subdivision of 28 U.S.C. § 1920 permits taxation of the "[f]ees of the clerk and

marshal." The clerk's fees are established by 28 U.S.C. § 1914, which permits the clerk to

collect  fees authorized by the Judicial Conference of the United States. 28 U.S.C. § 1914. The

District of Oregon charges a $100 fee for special admission pro hace vice. The courts are split,

however, on whether the fees for filing a pro hac vice motion are taxable as fees of the clerk.

Robert E. Jones, et al., Federal Civil Trials and Evidence § 19.103 (2008); *Arndt v. Mokai Mfg.*,

No. 03-1240, 2006 U.S. Dist. LEXIS 36189, at *1 (D. Or. June 2, 2006) (referring to pro hac vic

fees as "not recoverable" where defendants sought $350 for filing fee costs but incurred only pro

hac vice fees totaling $200); *Symantec Corp. v. CD Micro, Inc.*, No. 04-227, 2005 U.S. Dist.

LEXIS 39432, at *14 (D. Or. Aug. 12, 2005) (refusing to award pro hace vice fees in part

Page 4  - OPINION AND ORDER

because plaintiff chose to prosecute the action using out-of-state counsel) *but see Berry v. Hawaiian Express Serv.,* No. 03-00385, 2006 U.S. Dist. LEXIS 78281 at *51 (D. Haw. Oct. 25, 2006) (finding that pro hac vice fees for the admission of two attorneys constituted a reasonable and necessary expense).

Here, Tanita seeks $600 to cover fees for pro hace vice admission of six attorneys. Unlike the party seeking costs in *Arndt,* Tanita filed a properly documented request. This case also differs from *Symantec* in that Tanita, an Illinois company, initially appeared in this case as a defendant haled into Oregon court. Thus, without binding authority to the contrary, this Court concludes that pro hac vice fees may be taxable as costs.

Healthport objects that only three of the six attorneys admitted pro hac vice argued before this Court. Tanita concedes that only three attorneys argued motions, but asserts that the pro hac vice admission fees were necessary because other three attorneys contributed significantly to the case and served to ensure attorney availability. Outside counsel, however, do not need pro hac vice admittance to assist in the preparation of a motion or deposition. Moreover, in this Court's experience, scheduling challenges do not require the admission of six attorneys. Accordingly, this Court exercises its discretion to reduce the award of pro hac vice fee costs from $600 to $300, a sum that reflects the number of attorneys who appeared to argue motions in this case.

### C.    Fees for Service of Subpoena

The Ninth Circuit specifically authorizes taxation of costs for private process servers under 28 USC § 1920(1). *Alflex Corp.,* 914 F.2d at 177. Healthport has not contested the amount or necessity of the claimed process server fees, and the amount of the service fee appears

to this Court to be reasonable. Therefore, defendants are entitled to reimbursement of $89 for the private process server fees.

### D.    Hearing Transcripts

A party may tax costs for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of an expedited transcript may be taxable provided it was appropriate in light of the circumstances of the case. *See Davico v. GlaxoSmithKline Pharms.*, No. 05-6052, 2008 U.S. Dist. LEXIS 29273, 3-4 n.3 (D. Or. Jan. 23, 2008).

Here, Healthport asserts that the $258.25 cost for expedited preparation of the December 10, 2007 hearing transcript is excessive. Tanita explains that it needed the transcript quickly to meet the January 11, 2008 deadline for responses to dispositive motions. In addition, the record reflects that Tanita filed an objection to this Court's Order following the hearing and likely needed the transcript for that purpose as well. This Court finds that the cost for preparing the expedited transcript was reasonably necessary in light of these circumstances.

Tanita also requested $439.88 for a copy of a transcript of the November 17, 2006 oral argument on its motion for summary judgment and motion to strike. Healthport did not object to this cost and this Court does not find it unreasonable or excessive, in light of the fact that Tanita subtracted the late payment fee and reduced the cost by half to discount the extra copy of the transcript. Accordingly, the Court finds that Tanita can recover the $698.63 total cost for hearing transcripts.

### E.    Deposition Fees

Under § 1920(2), the prevailing party may recover costs incurred in obtaining copies of deposition transcripts. *Alflex Corp. v. Underwriters Lab.*, 914 F.2d at 177; *see also Independent*

Page 6 - OPINION AND ORDER

*Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963).  However, before allowing recovery for deposition transcript costs, the court must determine whether the transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  A party cannot recover costs for depositions that are "purely investigative" or "solely for the convenience of counsel." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995).  However, "[a] deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Id.*.

Here, Healthport contends that the deposition transcript costs were excessive because they included additional charges.  The bill for the copy of the transcript of the Nakada deposition, for example, includes $110 in charges for "E-Transcript," "ASCII Diskette," "Condensed" and "Archiving Fee."  This Court finds that Tanita incurred the cost of these alternative formats for their convenience and accordingly deducts that $110 from Tanita's deposition cost recovery.

The Court finds that Tanita can recover the $585.76 remaining cost of the Nakada deposition transcript.  Nakada is a Tanita manager responsible for research and development planning.  Tanita submitted four declarations by Nakada in its motions before this Court.  Moreover, if the case had proceeded to trial, the deposition could have served to hold possible impeachment within proper limits.  *See Independent Iron Works, Inc.*, 322 F.2d at 679.

Healthport also argues that it should not have to pay extra charges in the bills for the deposition transcript of Alfred Libke, Richard Wooten, Vern Cherewatenko and Robert Yakovac because they involve fees for exhibit scan, interactive real time, litigation support package, email transcripts and shipping.  The Libke, Wooten and Cherewatenko deposition invoices, however,

Page 7  - OPINION AND ORDER

do not include a cost breakdown for those added fees. The Yakvac deposition, on the other hand, lists a $92 fee for "rough draft/ASCII," a $65 fee for the litigation support package and a $48 shipping and handling fee. Moreover, although Healthport objects to finance charges, Tanita deducted them from its claimed costs.

The Court finds Healthport's argument unpersuasive. Shipping and handling fees are a necessary expense of procuring a deposition transcript. While the other fees at issue are more cryptic, the Court is unconvinced that they were unnecessary or excessive. The depositions were necessary as Libke and Wooten are Healthport officers, Cherewatenko and Robert Yakovac are Healthport customers and each deposition played a part in Tanita's motion for summary judgment on its false advertising claims. Tanita explained that it obtained daily transcripts for the Libke and Wooten depositions because those depositions took place just weeks before the dispositive motion deadline. More importantly, Tanita deducted its late fees and reduced its bill for each deposition by half to discount the fact that it received an extra copy. Therefore, this Court concludes that Tanita is entitled to recover the full $2,505.58 it seeks to recover for the Libke, Wooten, Cherewatenko and Yakovac deposition costs.

F.     **Photocopy and Exemplification Fees**

Section 28 U.S.C. 1920(4) permits a prevailing party to recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. 1920(4). This section covers copying costs for documents produced in discovery, submitted to the court for consideration of motions, and used as exhibits at trial. *Kibbee v. City of Portland*, No. 98-675, 2000 U.S. Dist. LEXIS 17205, at * 13 (D. Or. Oct. 12, 2005) (citing *Fressell v. AT&T Technologies, Inc.*, 103 F.R.D. 111, 115-116 (N.D. Ga 1984)). In addition, 28 USC § 1920(4) "has been interpreted to include all types of demonstrative evidence, including photographs and

Page 8  - OPINION AND ORDER

graphic aids," so long as they were "necessarily obtained." *Maxwell v. Hapag-Lloyd Aktiengesellschaft,* 862 F.2d 767, 770 (9th Cir. 1988). A party cannot, however, recover costs for copies prepared for the convenience of the attorneys. *See Kibbee,* 2000 U.S. Dist. LEXIS 17205 at *13. Moreover, a party's conclusory assertion that all copies were reasonably and necessarily obtained is, by itself, insufficient. *Id.*

Tanita seeks to recover $1044.61 in costs to prepare copies of "briefing books." These copies were reasonably necessary in light of Local Rule 100.4(b), which requires that parties provide a judge's copy for all dispositive motions, motions for injunctive relief, and any documents in excess of five pages. Therefore, the Court concludes that Tanita may recover the entire $1044.61 for its briefing book expenses.

Tanita also seeks to recover costs for the preparation of trial boards and copies of portions of Healthport's web site. While Tanita correctly asserts that the trial board copies were used at the hearing on its motion for summary judgment of patent non-infringement, this Court concludes that the trial boards were not reasonably necessary. In advance of the hearing, Tanita submitted declarations and exhibits that provided ample basis for this Court to discern the facts and arguments without the benefit of visual aids. On the other hand, because Tanita's false advertising claims arose out of statements on Healthport's website, it needed to preserve and present copies of certain web pages as part of its case. Accordingly, this Court exercises its discretion to refuse to tax in costs for the trial boards, but finds that Tanita can recover the $194.94 in costs incurred to scan, save and produce images of Healthport's web site.

Tanita also seeks to recover in-house photocopying costs. Tanita seeks $1055.20 for color copies supported by the mere assertion that they were made "for the purposes of presenting at trial." This Court finds that the color copies were unnecessary. Moreover, Tanita seeks

Page 9  - OPINION AND ORDER

$6,240 for black-and-white copies, asserting that this reflects "an average rate of about twenty (20) cents per page, the costs charged by a contractor with the firm and other outside vendors." Although Tanita did not indicate how many copies its costs reflected, at $0.20 per page, the total number would have to be over 31,000 copies. The Court recognizes this case involved a cross-claim and numerous filings and that Tanita's counsel had a need to prepare in the event of trial. However, in this Court's experience both with this case and with complex litigation generally, only half of the 31,000 copies were likely necessary for use in the case. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (upholding district court's award of copying costs equal to fifty-percent of the amount claimed based on finding that half of the 320,000 papers copied were necessarily obtained for use in the case). Accordingly, Tanita may recover $3,120 for its copying costs, which reflects half the total amount claimed for black and white copies. In total, Tanita can recover $4,359.55 in photocopying and exemplification fees.

### G.    Translation Fees

Section 1920(6) provides for the "compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." Under this section, the district court may tax as costs the compensation of interpreters and for translation services. *Arboireau v. Adidas Salomon AG*, No. 01-105, 2002 U.S. Dist. LEXIS 20341, at * (D. Or. June 14, 2002). Here, Tanita asserts that, because it is a Japanese company, it required the services of a translator "for certain communications early in the case." While Tanita's explanation is somewhat vague, subsection 1920(6) does not require that the interpreter costs be necessary, nor does this Court find that the

cost was excessive. Accordingly, Tanita can recover the $1,395 it claims as costs for translation services.

## CONCLUSION

Defendant is allowed the sum of $9,933.52 as taxable costs, calculated as follows:

| Cost Description | Amount |
|---|---|
| Fees of the clerk for pro hace vice admittance | $300.00 |
| Fees for service of subpoena | $89.00 |
| Fees of the court reporter for hearings transcripts | $698.63 |
| Fees of the court reporter for despositions transcripts | $3,091.34 |
| Fees for photocopies and exemplification | $4,359.55 |
| Fees for use of Japanese-English translation services | $1,395.00 |
| TOTAL COSTS | $9,933.52 |

Dated this 24th day of July, 2008.

Honorable Paul Papak
United States Magistrate Judge